IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROGER USSERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 122-111 |
| | ) |
| KELLY WILLIAMSON; | ) |
| CHIEF MAGISTRATE JASON; | ) |
| THE STATE OF GEORGIA; and | ) |
| JUDGE WADE PADGETT, | ) |
| | ) |
| Defendants. | ) |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, formerly incarcerated in Columbia County, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B).

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Rivera, 144 F.3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)" requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their

imprisonment, and (3) the disposition of any such lawsuits.[1]  (Doc. no. 1, pp. 9-10.)  Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition.  (Id. at 10.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id.)

**II.    DISCUSSION**

    **A.    The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff did not identify any other cases begun in state or federal court dealing with the same facts involved in this current action.  (Id. at 9.)  However, previously this year Plaintiff filed a similar case in this Court against some of the very same Defendants about his dissatisfactions with how his criminal cases were handled:  Ussery v. Roundtree, et al., CV 122-013 (S.D. Ga. Feb. 14, 2022).  Chief United States District Judge J. Randal Hall dismissed the case without prejudice not only because Plaintiff failed to comply with orders of the Court, but also because Plaintiff failed to state a claim upon which relief could be granted.[2]  (Id., doc. no. 15.)

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for

---

[1]Although Plaintiff reports he has now been released and is serving his probation in North Carolina, he submitted his claims on form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner).

[2]As discussed below, the current complaint suffers from some of the same pleading deficiencies.

3

the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a

complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  Plaintiff's failure to disclose his prior case discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

    **B.**    **The Case Should Also Be Dismissed Because It Fails to State a Claim Upon Which Relief Can Be Granted**

        **1.**    **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

    To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) ); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim for Relief

Even if the case were not due to be dismissed based on Plaintiff's dishonesty, the case fails to state a claim upon which relief can be granted. Plaintiff names the following defendants and sues them all in their official capacities only: (1) defense attorney Kelly Williamson; (2) Jason, Chief Magistrate in Columbia County; (3) State of Georgia; and (4)

6

Judge Wade Padgett.³  (Doc. no. 1, pp. 1-3.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Without providing any factual detail, Plaintiff asserts his Fourteenth Amendment rights to life, liberty, and due process were violated because he was sentenced to criminal penalties for a civil case, and even though his attorney said the State had no case, she would not get the case dismissed.  (Id. at 4.)  Although Plaintiff has now been released from jail, his conviction and probation has caused him mental damage, and he seeks $1,000,000 in damages.  (Id. at 5.)

### a. No Claim for Wrongful Conviction

Plaintiff's claim for wrongful imprisonment and subsequent conviction is barred under Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. at 486-87.  The Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated.  Id. at 487.  Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).  In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983.  Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims

---

³As explained in a simultaneously issued order, Plaintiff alternately refers to his defense counsel as Kelly Williamson and Kelly Williams.  As it appears this is the same person, the Court directed the Clerk to terminate Kelly Williams as a defendant.

challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983).

Here, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Indeed, he states he was convicted and is on probation. (Doc. no. 1, p. 4.) Thus, Plaintiff's claims based on his alleged wrongful conviction fail.

### b.     Judicial Immunity

Even if Plaintiff's claims were not barred by Heck, or if he had provided any factual explanation how Judge Padgett or Chief Magistrate Judge Jason violated his rights, Plaintiff's request for monetary damages against these two judicial officers is barred by judicial immunity.[4] It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether either judge, as the presider over Plaintiff's criminal proceedings, was dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction. See Stump, 435 U.S. at 359-64.

---

[4]Although claims for injunctive relief are not barred by the same principles as those barring requests for monetary damages, see Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*), Plaintiff makes clear he is suing only for monetary damages.

As Plaintiff makes no allegation either judge acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether their actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, although Plaintiff offers no details about his case, he at least implies these judges presided over Plaintiff's pretrial and sentencing proceedings. Plaintiff provides no details to suggest the challenged actions were not of the type normally performed by judges. Thus, Plaintiff fails to state a valid claim for relief for against Judge Padgett and Chief Magistrate Jason.

### c.  No Claim Against Public Defender Williamson

Likewise, Plaintiff fails to state a claim against his Public Defender, Defendant Williamson. Public defenders "are not state actors for purposes of § 1983" when performing traditional attorney functions as defense counsel in a criminal proceeding. Rolle v. Glenn, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). As Plaintiff's claims against Defendant Williamson rest entirely on her actions taken as a public defender, he fails to state a valid § 1983 claim against her.

### d.  No Claim Against the State of Georgia

Furthermore, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Indeed, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief

sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Plaintiff's only mention of the State of Georgia is his allegation that his public defender told him the State did not have a valid criminal case against him, and thus he fails to state a claim upon which relief can be granted against the State of Georgia.

### e. No Claim for Official Capacity Monetary Damages

Finally, to the extent Plaintiff is suing state officials in their official capacity for monetary damages, (doc. no. 1, pp. 2-3), those claims fail. The Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief, which is not available, fail to state a claim upon which relief can be granted.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history and fails to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 23rd day of August, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA